[Civil No. 2916. Filed November 21, 1930.]

[293 Pac. 20.]

ALFRED O. JOHNSON, Petitioner, v. T. B. STEWART CONSTRUCTION COMPANY, Defendant-Employer; THE INDUSTRIAL COMMISSION OF ARIZONA, Defendant-Insurance Carrier, Respondents.

Mr. George C. Crago and Mr. Will E. Ryan, for Petitioner.

Mr. John J. Taheny, for Respondents.

ROSS, J.—This proceeding by *certiorari* is brought to review an order and decision of the Industrial Commission refusing to allow Alfred O. Johnson compensation for an injury he claims to have sustained on May 15, 1929, in an accident arising out of and

in the course of his employment by the T. B. Stewart Construction Company, insured with the state compensation fund.

The grounds set out in the petition for writ are: (1) That no hearing of claimant's demand for compensation was had before or by the commission; that no evidence was taken before the commission, or any member thereof, or its secretary, and that the commission's findings and decision were made without any evidence so taken, all of which appears upon the face of the record of the proceeding; and (2) that the findings and decision disallowing claimant's demand for compensation are not based upon any evidentiary facts, and are unwarranted; that, on the contrary, the evidence that claimant was accidentally injured in his ankle while at work for the company on May 15th is undisputed.

The claimant's assignments in his brief attack the commission's findings and decision upon the same grounds as those contained in the petition for review. The statute, section 1452, Revised Code of 1928, provides that "the review [in *certiorari* proceedings] shall be limited to determining whether or not the commission acted without or in excess of its power; and, if findings of fact were made, whether or not such findings of fact support the award under review. If necessary the court may review the evidence."

Bearing in mind this limitation upon our power, we will consider the claimant's contentions.

The certified record of the commission, filed in this court in response to the writ, contains a transcript of the testimony taken upon the hearings and during the investigation of claimant's demand. The transcripts, both on the original hearing and on the rehearing, show on their faces the hearings were had "before the Industrial Commission of Arizona . . . at the office of the Industrial Commission" at the

capitol, John J. Taheny, referee. So, the first assignment is not sustained by the record.

But suppose, which probably is the fact, that the testimony was taken before Taheny as referee, with no member of the commission, or the commission, or its secretary, present, and that such procedure is not the one contemplated by the law, we think claimant is in no position to complain for the reason that he was present at both hearings, represented by counsel, participated in the hearings by submitting his testimony and by cross-examining the adverse witnesses, and made no objection whatever.

However, if it be conceded that all the testimony bearing upon claimant's demand for compensation was taken before a referee, we do not think the commission, in basing its findings thereon, acted without jurisdiction or in excess thereof. The Compensation Act does not undertake to prescribe a procedure for the commission in the hearing of claims for compensation. The procedure is left largely to the discretion and judgment of the commission. The pertinent provision in that connection is section 1453, Revised Code of 1928, and reads:

"The commission shall not be bound by the rules of evidence, or by any technical or formal rules of procedure, other than as herein provided; but may make the investigation in such manner as in its judgment is best calculated to ascertain the substantial rights of the parties and to carry out the spirit of this article."

The object is not to follow any particular procedure but the one which in the judgment of the commission is "best calculated to ascertain the substantial rights of the parties and to carry out the spirit of this article." When it is considered that every year the commission is presented with thousands of claims, it is at once evident that, in order to care for them all

with dispatch, the commission must depute some of the work to others. The detail of taking and certifying the testimony to the commission for its consideration in determining the rights of the parties violates no statutory or constitutional right. We have held, as have other courts, that hearsay evidence is admissible in compensation cases. *Ocean Accident & Guarantee Corp.* v. *Industrial Commission*, 34 Ariz. 175, 269 Pac. 77. Section 1402 of the Revised Code of 1928, a part of the Compensation Act, provides that the commission in the investigation of any employment or place of employment may appoint agents, who in the discharge of their duties shall have the powers of a referee appointed by a superior court with regard to the taking of testimony, but that such agents' recommendations shall be advisory only.

This last provision (section 1402) is in close juxtaposition to the provision (section 1400) which claimant asserts confers exclusive power upon the commission and its secretary "to take testimony and certify to official acts." It is true section 1400 confers that power upon the commission, the secretary thereof, and each commissioner, but it neither directly nor inferentially denies such powers to the commission's agents or referees as are conferred in section 1402.

It is alleged in the petition that no hearing of claimant's demand for compensation was had before or by the commission. This accusation, if true, would be serious, but it is not supported by the record. We think it is implicit in the Workmen's Compensation Act that all orders and awards must be the deliberate act of the commission. It is the duty of the commission as a body to consider and deliberate upon the evidence and all of the evidence, whether the issue be one of compensation or one for the protection of the life, health, safety and welfare of the employees, and bring to bear their best and most conscientious judgment with a view of reaching a just, fair, and

equitable conclusion. The commission cannot delegate this imperative duty to anyone.

The act provides, however, that the commission may delegate some of its ministerial or administrative duties to agents. Among these, if so designated in the agent's appointment, is the examination and investigation of employments and places of employment, with the power to take testimony of witnesses and report the same to the commission to be considered by the commission upon the hearing. The testimony so taken may be in aid of an investigation of the employment or place of employment upon an application for compensation as well as for the protection of employees in their work. This was clearly the meaning of section 20, chapter 83, Laws of 1925, and we do not believe in its revised form as section 1402, *supra,* any change of meaning was intended or effected.

The commission found "that the evidence is insufficient to establish that said applicant sustained any injury by accident, arising out of and in the course of his said employment," or "to establish that the disability for which said applicant is claiming compensation is approximately the result of the accident." There can be no question but that these findings support the award denying compensation to the claimant. Our power of review, after having determined that the commission had and properly exercised jurisdiction, is limited to the determination of whether the findings of fact support the award, but, if necessary, we may review the evidence. Section 1452, *supra.*

Heretofore we have uniformly held that the findings of fact by the commission are like the findings of fact by a court, or the verdict of a jury, and if made upon conflicting evidence, would not be disturbed upon appeal. *Holloway* v. *Industrial Commission,* 34 Ariz. 387, 271 Pac. 713; *Blankenship* v. *Industrial Commission,* 34 Ariz. 2, 267 Pac. 203, 205;

*Maryland Casualty Co.* v. *Industrial Commission,* 33 Ariz. 490, 266 Pac. 11; *Federal Mut. Liability Ins. Co.* v. *Industrial Commission,* 31 Ariz. 224, 252 Pac. 512. We will not retry the facts in compensation cases any more than in other cases. In the Blankenship case we indicated the extent to which we would go in reviewing the evidence and findings, in the following language:

"Where there is no evidence to support the commission's findings, or where the commission's conclusions from the findings of fact are clearly erroneous, such findings or conclusions will not be permitted to stand. If, however, there is substantial evidence in support of the commission's findings, such findings will be regarded as binding upon the court. When the court reviews the evidence it is not for the purpose of weighing or reconciling it, but to ascertain if there was evidence that reasonably supported the award."

We have examined the evidence with a view of determining if it sustains the commission's findings. Without recapitulating all of the evidence, we are satisfied therefrom that there is serious doubt whether the claimant's ailment was the result of any accident occurring on May 15th, or whether on that date the claimant really was accidentally injured. It is true that he testified that early in the morning of that day, while he and three other employees were carrying a heavy piece of material, he twisted his left ankle and that he exclaimed that he was hurt, but the fact is he worked until quitting time. One of his companions testifying said he heard no complaint by claimant of being hurt. The other two were not witnesses. When he was quitting for the day, he told one or two employees that he was sick, and, if he felt no better, would not return the following day. About two weeks after May 15th, the defendant company learned that Johnson claimed he was hurt on that day while engaged at his work, and thereupon the foreman on

the job, according to his testimony, "asked every man on the job—made a thorough investigation and couldn't find a man on the job that knew about anyone whatsoever getting hurt or that he had made any remarks about getting hurt." And no one but the claimant testified that he was hurt on that day or that he complained on that day of being hurt. Dr. Garrison examined his ankle on May 16th and diagnosed his trouble as sciatica. He went to the Good Samaritan Hospital on May 24th, told one of the nurses he was suffering with rheumatism, and was listed there on his own suggestion as a pay patient. He made no claim for compensation until about thirty days after the 15th of May. In the meantime he wrote a note to the superintendent of the defendant company stating that he was sick and requesting that his tools be cared for, but said nothing of being hurt on May 15th. Two doctors testified that his trouble was caused by an accident to his ankle; one pronouncing his trouble to be traumatic and the other rheumatic arthritis.

It is unquestioned that claimant had received injuries on other parts of his body about a year before, and that he had before the 15th of May suffered with arthritis or rheumatism.

We think there was substantial evidence justifying the inference that claimant's disability was not caused by any accident while in the employ of the construction company.

The award will have to be affirmed.

LOCKWOOD, C. J., and McALISTER, J., concur.