224 P.2d 1085

## LEE v. INDUSTRIAL COMMISSION et al.

No. 5329.

Supreme Court of Arizona.

Dec. 8, 1950.

172

Wade Church, Phoenix, for petitioner.

Robert E. Yount, Phoenix, H. S. McCluskey and Donald J. Morgan, Phoenix, of counsel, for respondent Industrial Commission.

DE CONCINI, Justice.

The petitioner, S. A. Lee, at the age of 59 and while employed as a heavy duty journeyman mechanic by the System Freight Service, was injured when the axle of a truck slipped off a jack causing a lifting bar to come in violent contact with petitioner and knocking him to the concrete floor. This accident occurred August 21, 1946 and resulted in the petitioner's suffering a fractured right jaw, severe bruising of the face and contusions of the left hip and left abdomen. Petitioner was hospitalized. During the course of treatment, he underwent repair of a left inguinal hernia which had been aggravated by the injury, also, to prevent possible infections, extraction of all teeth because of their carious condition and the fitting of full upper and lower dentures. There is no

issue concerning the allowance of these items.

■■■ On June 10, 1947 petitioner was placed on temporary partial disability status under section 56-957 A.C.A.1939. The Commission found at that time that his condition was *not* stationary. That finding is not borne out by the medical evidence. The undisputed record at that time was a medical report of April 17, 1947 signed by Drs. N. A. Ross and James R. Moore, which concluded as follows:

"*Comments:* From the findings on physical examination today, it is apparent that recovery has occurred from the injuries sustained in the accident of August 21, 1946, and that further treatments or examinations are not required.

"We are of the opinion that as a result of the severity of the injuries sustained in this accident occurring in a man of his age, he has a 25% general physical functional disability.

"We are of the opinion that he is able to do such work as would be consistent with his age and general physical condition."

The Commission cannot disregard the undisputed evidence of a disinterested person. Wiggins v. Pratt-Gilbert Hardware Co., 48 Ariz. 375, 62 P.2d 124.

On December 9, 1947, the above-mentioned doctors after consultation with Dr. R. F. Palmer, confirmed petitioner's physical condition as stationary and that he sustained a "general physical functional disability equivalent to approximately 25%." In subsequent awards, dated January 9, 1948 and July 16, 1948, the Commission then made findings accordingly. In the award of July 16, 1948, which, unless otherwise specified, will hereafter be the one referred to by the term "award", the Commission further found that during the 6-month period, December 19, 1947 through June 5, 1948, petitioner earned an average of $324.88 per month, which is in excess of the $260.82 per month he was earning at the time he was injured. It was also recited therein that the Commission considered all factors enumerated in section 56-957, A.C.A.1939, in determining that petitioner did not suffer any loss of earning power. The award concluded with the following paragraph: "4. That the medical findings indicate the existence of physical conditions due to said injury, which may subsequently affect said applicants ability to secure or hold employment, or may affect his future earning capacity."

On July 29, 1948 petitioner protested the award by letter but took no further action at the time. Approximately a year afterwards, on June 15, 1949 and on July 29, 1949, he petitioned for readjustment or reopening of claim. The Commission denied further benefits on August 12, 1949 and reaffirmed the award. Protest was again filed and a rehearing was had. (the first hearing in which any testimony was taken) on October 6, 1949. Subsequently, on De-

cember 29, 1949, the Commission affirmed its August 12th award and from that decision the petitioner appeals to this court.

Petitioner asserts 6 assignments of error which, he concedes in his brief, present but two interrelated issues. The first is that the Commission in determining the loss of earning power as a result of the industrial accident failed to give due consideration to the factors set out in subsections (c) and (d), section 56-957, A.C.A. 1939; secondly, that the Commission was arbitrary in using a 6-month earning power period in determining actual wages earned after the injury. The factors referred to in the first instance which are among those to be considered in determining the loss of earning power are the monthly wages he is able to earn after the injury, the percentage of functional disability, previous disability, the occupation of the injured employee, the nature of the physical injury and the age of the employee. Petitioner's contention can be paraphrased by saying that the Commission failed to consider all the factors, furthermore, the one factor that it did consider (the 6-month earning period) was erroneous because it was decided arbitrarily.

While it is true that the petitioner's condition was stationary as shown by the undisputed medical report of April 17, 1947, supra, yet it cannot be said that the award of June 10, 1947 was prejudicial to his rights. That award gave him 65% of his monthly wage by placing him on a temporary partial disability status under subsection (a) rather than the partial disability status under subsection (c) of section 56-957, A.C.A. 1939, which would have entitled petitioner to 55% only of his monthly wage. Furthermore, that award was not appealed from and is therefore res judicata as to those facts, but it would not preclude the Commission from changing his status on a showing of different facts justifying a change. The question then resolves itself to this: Was the Commission arbitrary in taking the 6-month period it did take to ascertain his earning capacity?

At the rehearing of October 6, 1949 there was evidence adduced by petitioner that his employment with his old employer for the 6-month period was a mere gratuity; that when new owners took over his employer's business in June 1948, the company's policy was changed and he was discharged. If that constituted the entire evidence in the case, we are of the opinion that the decision of the Commission could not stand. However, there was further evidence that soon after his discharge petitioner went to work on August 4, 1948 for Wells Truckways, a concern wholly independent of his former employers; that he worked for them until April 29, 1949 as a mechanic's helper at a salary in excess of his earnings when injured.

This later evidence of employment was before the Commission at its hearing on October 6, 1949. Taking the history of the petitioner's employment as a whole and granting that his employment with his former employer was to some extent a gratuity, yet he afterwards worked for another company for a period of over 8 months. The Commission had a right to consider this fact in reaffirming its award.

There is no evidence in the record that petitioner's employment with the Wells Truckways was terminated because of his physical disability. If that condition should develop, the Commission has jurisdiction to reopen the case. See paragraph 4 of the Commission's July 16th, 1948 award quoted supra. Also Steward v. Industrial Commission, 69 Ariz. 159, 211 P.2d 217.

Viewing the whole record, we cannot say that the evidence does not sustain the Commission's findings and award. It is well-established that findings of the Commission will not be disturbed where there is reasonable evidence to support them. Eagle Indemnity Co. v. Hadley, 70 Ariz. 179, 218 P.2d 488; Blasdell v. Industrial Commission, 65 Ariz. 373, 181 P.2d 620; West Chandler Farms Co. v. Industrial Commission, 64 Ariz. 383, 173 P.2d 84.

Award affirmed.

LA PRADE, C. J., and UDALL, STANFORD and PHELPS, JJ., concurring.