361 P.2d 929

LeRoy PRINCE, Petitioner,

v.

INDUSTRIAL COMMISSION of Arizona and J. C. Cooper, Respondents.

No. 6973.

Supreme Court of Arizona.

May 17, 1961.

Finn & Knudsen, Phoenix, for petitioner.

Donald J. Morgan, Phoenix, for respond-·ent.

LOCKWOOD, Justice.

Petitioner through writ of certiorari asserts respondent Industrial Commission exceeded its powers in its disposition of his compensation claim. Petitioner sustained a compensable industrial back injury in 1956. After surgery and following several consultations regarding his case, the Commission on January 3, 1958, rendered its Order Pending Determination of Earning Capacity, finding petitioner had sustained .a 20% general physical functional disability but that his physical condition was stationary. Thereafter following further examination and consultation on May 1, 1959, the Commission rendered a Decision Upon Rehearing and Award for Unscheduled Permanent Partial Disability. This Decision reiterated the finding of 20% general phys-

ical functional disability, and further found that petitioner had sustained no loss of earning capacity thereby, and was physically and mentally able to perform the duties of his occupation. The Decision was protested, a rehearing was held, and the Findings and Award were affirmed. Petitioner contends (1) the Award was not supported by the evidence, (2) the Commission's findings were self-contradictory, (3) evidence offered at the hearings was improperly rejected on technical grounds, and (4) a medical report and sworn statement offered thirty days after the Decision Upon Rehearing were improperly rejected on the ground that the Commission's jurisdiction in the matter was exhausted.

We conclude that there is insufficient evidence to sustain the award of May 1, 1959. Respondent based its finding that petitioner was physically and mentally able to perform the duties of his occupation primarily on the testimony of doctors. We have repeatedly held that medical evidence is competent as to the physical injury or disability, but unless specially qualified, the average doctor cannot testify as an expert regarding the extent of *industrial or earning incapacity*. Hoffman v. Brophy, 61 Ariz. 307, 315, 149 P.2d 160, 163; Standard Acc. Ins. Co. v. Industrial Commission, 66 Ariz. 247, 251, 186 P.2d 951, 953. We realize that as in the instant case, a doctor may qualify, by reason of knowledge or experience other than medical, to testify

generally as to a claimant's ability or inability to engage in a given occupation. However, industrial or earning capacity must be determined, in part at least, on the composite testimony not only of doctors but also of persons who are peculiarly qualified to assess a claimant's ability to secure and maintain a job in his trade. Ossic v. Verde Central Mines, 46 Ariz. 176, 191, 49 P.2d 396, 402; Schnatzmeyer v. Industrial Commission, 77 Ariz. 266, 268, 270 P.2d 794, 795.

Although both of these factors, as well as others not here relevant, must be considered by the Commission, it was content in the instant case to base its decision primarily on a doctor's testimony that petitioner was physically able to work as a mason tenderer, despite the fact that the doctor's qualifications as an expert in the field of mason tending were obviously limited. On the other hand, the Commission referee excluded proffered testimony of petitioner's employer regarding the attitude of contractors in the area regarding the hiring of men with petitioner's disability, despite the fact that the employer testified that he had worked for five or six contractors in the area before going into business for himself. The reason for excluding the testimony was that the employer stated he could give an opinion, but wished to "qualify" it. This the referee refused to permit him to do. Such ruling of the referee deprived petitioner of his right to present evidence of his claim of inability to secure employment, and is contrary to A.R.S. § 23–942 which provides, in part:

> "The commission shall not be bound by the rules of evidence or by technical or formal rules of procedure * * * (and) may conduct investigations in such manner as in its judgment is best calculated to ascertain the substantial rights of the parties * * *".

The Award for Unscheduled Permanent Partial Disability is set aside.

STRUCKMEYER, C. J., BERNSTEIN, V. C. J., and UDALL and JENNINGS, JJ., concurring.