423 P.2d 348

Richard C. POWELL, Petitioner,

v.

The INDUSTRIAL COMMISSION of Arizona and Inspiration Consolidated Copper Company, Respondents.

INSPIRATION CONSOLIDATED COPPER COMPANY, a corporation, Petitioner,

v.

Richard C. POWELL and the Industrial Commission of Arizona, Respondents.

No. 8901 P. R.

Supreme Court of Arizona.

In Banc.

Feb. 9, 1967.

Rehearing Denied March 7, 1967.

Minne & Sorenson, by A. D. Ward, Phoenix, for petitioner, Richard C. Powell.

Robert K. Park, Chief Counsel, by Glen D. Webster, Phoenix, for respondent, Industrial Commission.

G. H. Ladendorff, Phoenix, for respondent, Inspiration Consolidated Copper Co.

LOCKWOOD, Justice:

On October 19, 1965, the Industrial Commission of Arizona issued a "Decision Upon Rehearing and Findings and Award for Unscheduled Permanent Partial Disability," concerning one Richard C. Powell, a claimant before the Commission. Both Powell, and his former employer, Inspiration Consolidated Copper Company, sought review of the award in separate petitions for Writs of Certiorari, which were consolidated for purposes of review. The Court of Appeals, Division I, in 4 Ariz.App. 172, 418 · P.2d 602 (1966), affirmed the award granting claimant compensation for partial temporary disability, and set aside an award finding claimant has suffered no loss of earning capacity.

The claimant, Richard Powell, was engaged in carrying out his duties as a foreman in Inspiration's leaching plant, when on September 8, 1963 he slipped and fell in an area saturated with sulphuric acid. This inflicted serious burns over several areas of Powell's body, and he was hospitalized for surgical debridement of the burned area and skin grafts, undergoing several operations in all. The claimant returned to light work in March, 1964 in the employer's tank house. He complained of pain in his back and legs, and difficulty in performing the walking and climbing necessary in order to perform his job. He was transferred to the crusher department in October, 1964 because the acid fumes in the tank house were impeding the healing of his skin grafts. His employment was terminated in November, 1964, claimant alleging he was not physically capable of performing his duties, and the employer contending that he would not do the work he was physically capable of doing. Powell made inquiries about other employment and registered with the State Employment Commission. He worked for a time for a local cemetery, leaving because of a dispute with the manager, and later found a job working as a service station attendant at a wage substantially below the amount he received from the copper company.

The Industrial Commission issued its first award on April 28, 1965, finding that the claimant had sustained a 10% general physical functional disability, that his physical condition had become stationary on April 5, 1965, and that he was entitled to temporary benefits until that date. It also found that the evidence in the file was insufficient to determine Powell had suffered any loss of earning capacity. After the employer filed a petition for hearing (also referred to as "rehearing"), a formal hearing was held August 19, 1965 before a referee, who later issued a report finding that claimant was unable to satisfactorily perform the duties of his regular occupation as a result of his physical disability, and also that claimant was entitled to compensation for partial temporary disability. The Industrial Commission, on October 19, 1965 issued its Decision on Rehearing. The earlier findings as to temporary compensation through April 5 were affirmed, but the Commission found, contrary to the referee's findings, that Powell had the physical and mental capacity to perform the type of work he had done before his injury. Both the employer and claimant petitioned to review the lawfulness of the award.

Inspiration Copper Company objected to Finding Number 6 by the Industrial Commission, which read as follows:

"6. That said applicant is entitled to compensation for total temporary disability from September 8, 1963, through March 15, 1964, in the sum of $2,830.65; and compensation for partial temporary disability from November 7, 1964, through April 5, 1965, in the sum of $1,440.52, or the total sum of $4,271.-17."

Its contention was that the finding by the Commission as to partial temporary disability from November 7, 1964, through April 5, 1965, was not supported by the evidence. The record discloses otherwise. The testimony of Powell's fellow workmen and the medical record shows that substantial evidence existed from which the Commission could reasonably conclude that claimant was not actually able to work as well as he normally could during this period. Since this finding is reasonably supported by the evidence it will not be disturbed on review. Shroyer v. Industrial Commission, 98 Ariz. 388, 405 P.2d 875 (1965), rehearing denied, 99 Ariz. 266, 408 P.2d 406 (1965); Lee v. Industrial Commission, 71 Ariz. 171, 224 P.2d 1085 (1950).

The finding of the Commission questioned by claimant Powell is:

"9. This Commission finds that said applicant has the physical and mental capacity to perform the duties required of him in the occupation in which he was employed at the time of injury; so has therefore suffered no loss of earning capacity as a result of his injury of September 8, 1963, nor the disability resulting therefrom and is not entitled to an award therefor under the provisions of A.R.S., Section 23–1044 C & D, 1956."

This was contrary to the report of the referee who found claimant had suffered a loss of earning capacity resulting from the injury, and reached the conclusion that he was entitled to compensation.

The Commission of course was not bound by the finding of its referee. The authority of a referee appointed by the Industrial Commission is governed by specific statute. The statute is controlling. It reads in pertinent part as follows:

A.R.S. § 23–928 * * *

"B. In the discharge of his duties, the agent shall have the inquisitorial powers granted by this chapter to the commission and the same powers with regard to *taking testimony* as a referee or master appointed by a superior court. The recommendation made by such agent *shall be advisory only* and shall not preclude taking further evidence or making further investigations." (Emphasis supplied.)

This section, which invests agents with certain of the powers of a special master or referee appointed by the superior court, clearly does so only as to taking of testimony and not as to their recommendations to the Industrial Commission. Aluminum Co. of America v. Industrial Commission, 61 Ariz. 520, 152 P.2d 297 (1944). The referee system was recognized as early as 1930, in Johnson v. T. B. Stewart Construction Co., 37 Ariz. 250, 293 P. 20 (1930), which held that although the Commission could delegate some of its ministerial or administrative duties to agents, including the power to hold hearings and take testimony, the final duty of reaching a decision on the evidence could not be delegated to anyone. This final duty of the Commission to make findings in Workmen's Compensation cases was most recently commented on in Graver Tank & Mfg. Co. v. Industrial Commission, 96 Ariz. 356, 395 P.2d 712 (1964). The Court said 96 Ariz. at page 360, 395 P.2d at page 716:

"Petitioner further assigns as error the Commission's action in rejecting specific findings and recommendations made by its referee for the reason that such report was implicit in its terms and no written objections to it were filed as permitted by a commission rule. In the early case of Johnson v. T. B. Stewart Const. Co., 37 Ariz. 250, 393 P. 20, the practice of appointing referees to take testimony was upheld, 'but that such agents' recommendations shall be advisory only.' *The duty to make the determination was that of the Industrial Commission itself, and the fact that they disagreed with their referee is of no legal consequence.* The mere fact that one of the commission's regulations allows for the filing of written objections to an

unfavorable referee's report does not bind the commission to the referee's conclusion where no objections are made to such report." (Emphasis supplied.)

A continuous line of precedent has been established in Arizona over a period of many years. A.R.S. § 23–951, first enacted in 1925, is the statute which provides for appellate review of Industrial Commission decisions. Its language states:

"B. * * * The review shall be limited to determining whether or not the commission acted without or in excess of its power and, if findings of fact were made, whether or not such findings of fact support the award. If necessary the court may review the evidence."

In interpreting this statute, this Court has consistently held that on appeal the Court must consider the evidence before the commission in a light most favorable to sustaining the decision, and will sustain the Commission's findings if reasonably supported by the evidence. Russell v. Industrial Commission, 98 Ariz. 138, 402 P.2d 561 (1965); Graver Tank & Mfg. Co. v. Industrial Commission, 97 Ariz. 256, 399 P.2d 664 (1965); Snyder v. Industrial Commission, 96 Ariz. 81, 392 P.2d 34 (1964); Revles v. Industrial Commission, 88 Ariz. 67, 352 P.2d 759 (1960); Martin v. Industrial Commission, 75 Ariz. 403, 257 P.2d 596 (1953); Villapando v. Industrial Commission, 70 Ariz. 55, 216 P.2d 397 (1950); Phillips v. A. O. Smith Corporation, 39 Ariz. 577, 8 P.2d 1080 (1932).

There was evidence by physicians involved in the case regarding the capacity of the claimant to do any particular type of work. Powell objected to this evidence as incompetent. We have recognized that medical evidence is normally restricted to the nature of the claimant's physical injury or disability, with medical opinions as to earning capacity not being competent. Adkins v. Industrial Commission, 95 Ariz. 239, 389 P.2d 118 (1964); Hoffman v. Brophy, 61 Ariz. 307, 149 P.2d 160 (1944). However, there are instances where such opinions may be allowed, because of special knowledge by a doctor of the physical and mental requirements of a claimant's vocation. Prince v. Industrial Commission, 89 Ariz. 314, 361 P.2d 929 (1961). Such requirement has been met here, and the medical opinions will be allowed to stand as competent evidence, sufficient supporting evidence still being necessary to establish the Commission's finding as to claimant's earning capacity.

In addition to medical evidence that very little physical impairment had resulted because of the injury, (claimant having contended that he had suffered a back injury from the accident, as well as burns), Powell was found to have no psychiatric disorder resulting from the injury. Claimant testified that he had done heavy manual labor after his injury, including digging graves by hand, and helping stake out a mining claim in rough terrain, while employed by a local cemetery after his injury. Also Powell worked full time six and seven days a week for a month during May and June, 1965. It appears there was sufficient evidence to support the Industrial Commission's findings as to claimant's earning capacity.

The decision of the Court of Appeals, Division I, is therefore vacated, and the award of the Industrial Commission affirmed.

BERNSTEIN, C. J., McFARLAND, V. C. J., and STRUCKMEYER and UDALL, JJ., concur.