482 P.2d 466

Nisi ECHARD, Petitioner,

v.

The INDUSTRIAL COMMISSION of Arizona, Respondent,

Reynolds Metal Company, Respondent Employer,

State Compensation Fund, Respondent Carrier.

No. 1 CA–IC 496.

Court of Appeals of Arizona, Division 1, Department B.

March 23, 1971.

Rehearing Denied April 7, 1971.

Review Denied May 11, 1971.

Meadow, Cheche, Thrasher & Zalut by R. Y. Thrasher, Phoenix, for petitioner.

Snell & Wilmer by Bernald C. Porter, Phoenix, for respondent employer.

William C. Wahl, Jr., Counsel, Phoenix, for respondent The Industrial Comm. of Arizona.

Robert K. Park, Chief Counsel, Phoenix, for respondent carrier State Compensation Fund.

HAIRE, Judge.

In this review by certiorari of an Industrial Commission award, the petitioning

employee complains of a finding that he has sustained no reduction in earning capacity attributable to the industrial accident involved.[1] Our review of the record before the Industrial Commission reveals substantial evidence which supports the award, and ordinarily we could summarily dispose of this review in accordance with the established principles that findings and awards of the Industrial Commission must be sustained on appeal if supported by competent evidence, and that the Court cannot weigh conflicting evidence and second-guess the statutorily established fact finding forum, the Industrial Commission. *Malinski v. Industrial Commission*, 103 Ariz. 213, 439 P.2d 485 (1968); *Potter v. Industrial Commission*, 99 Ariz. 126, 407 P.2d 88 (1965); *Linn v. Industrial Commission*, 10 Ariz. App. 571, 460 P.2d 677 (1969); *Fyffe v. Industrial Commission*, 10 Ariz.App. 377, 459 P.2d 104 (1969). However, further comment is in order relating to a contention raised by petitioner concerning the effect to be given to a referee's report to the Commission.

■ The initial referee's report in this matter recommended the entry of an award finding a loss of earning capacity, and such an award was entered by the Commission. Thereafter, upon timely protest and after rehearing, a different referee recommended a finding of no loss of earning capacity and the Commission's final award was in accordance with the recommendations of this second referee. Petitioner recognizes the validity of the above stated principles concerning a review by this Court of an Industrial Commission award based upon conflicting evidence, but contends that such principles do not apply because the award is contrary to the recommendations of the referee who conducted the major part of the hearings and thus had the primary opportunity to observe the demeanor and judge the credibility of the witnesses. Prior decisions of the Arizona Supreme Court have considered and rejected this

contention. *Powell v. Industrial Commission*, 102 Ariz. 11, 423 P.2d 348 (1967); *Valdon v. Industrial Commission*, 103 Ariz. 547, 447 P.2d 239 (1968); *Graver Tank & Manufacturing Co. v. Industrial Commission*, 96 Ariz. 356, 395 P.2d 712 (1964). In Powell, *supra*, the Arizona Supreme Court reversed and vacated a Court of Appeals decision which adopted petitioner's contentions. *See* Powell v. Industrial Commission, 4 Ariz.App. 172, 418 P.2d 602 (1966), vacated, 102 Ariz. 11, 423 P.2d 348 (1967).

■ In conclusion, the medical testimony as to the type of physical work activity within petitioner's capabilities was competent evidence amply supporting the Commission's decision on the earning capacity issue. Powell, *supra*. The Commission's determination of factual issues based upon conflicting evidence being conclusive on appeal, the award is affirmed.

JACOBSON, P. J., and EUBANK, J., concur.

pensation proceedings as it existed prior to January 1, 1969.

---

1. This review has been decided under the statutory law governing workmen's com-