513 P.2d 975

**Bill HOBBS, Petitioner,**

v.

**The INDUSTRIAL COMMISSION of Arizona, Respondent,**

**Capins Automatic Car Washes, Respondent Employer,**

**Industrial Indemnity Company, Respondent Carrier.**

**No. 1 CA–IC 819.**

Court of Appeals of Arizona, Division 1, Department B.

Sept. 11, 1973.

Rehearing Denied Oct. 15, 1973.

Review Denied Nov. 6, 1973.

Lawrence Ollason, Tucson, for petitioner.

William C. Wahl, Jr., Chief Counsel, The Industrial Commission of Arizona, Phoenix, Jennings, Strouss & Salmon by William R. Jones, Jr., M. Byron Lewis, Phoenix, for respondent carrier and re- spondent employer.

## OPINION

EUBANK, Presiding Judge.

We issued our writ of certiorari to review the findings and award of The Industrial Commission which rejected petitioner's allegation that he had sustained a loss of earning capacity as a result of his industrial injury.

Petitioner was employed as a truck driver by respondent employer on May 22, 1970, when he suffered an injury to his back in the course and scope of his em- ployment. A hearing was held before The Industrial Commission on March 16, 1972, and the hearing officer made the following findings: The petitioner was entitled to medical expenses from May 22, 1970, to August 17, 1971, plus temporary disability compensation from May 22, 1970, to May 31, 1971, the date upon which the condition became medically stationary; the petitioner suffered a 10% general physical functional disability as a result of the injury; and the petitioner had suffered no reduction in earning capacity and therefore was not en- titled to an award under A.R.S. § 23–1044. The petitioner requested review of this award.

The only question raised by petitioner is the following: Did the Commission err in determining that the claimant had suffered no reduction in earning capacity?[1]

The record reveals that subsequent to petitioner's discharge from medical treat- ment by Dr. John McCracken on June 1, 1971, he obtained work with Holmes Tuttle Ford as a parts man. He held this posi- tion from June 2, 1971, to July 12, 1971, when he voluntarily terminated his employ- ment because of fatigue. It was suspected at the time that he was suffering from ei- ther Valley Fever or Tuberculosis, but tests failed to confirm such suspected ail- ments. Petitioner's supervisor testified that petitioner performed his job satisfac- torily and would be eligible to be rehired.

John McCracken, D. O., testified that he found petitioner to have a 10% functional disability; nonetheless he released him to return to regular work on June 1, 1971. Dr. McCracken was also of the opinion that petitioner was physically capable of carrying out his employment at Holmes Tuttle Ford.

Petitioner contends that The Industrial Commission erred by relying on Dr. Mc- Cracken's opinion since it went beyond merely stating the nature of claimant's

1. At the oral argument petitioner also claimed that he was entitled to temporary compensa- tion through the date when his injury be- came stationary. Since this question was not raised in the briefs, we could not consider it on review.

physical injury and instead went to the issue of earning capacity.

In Powell v. Industrial Commission, 102 Ariz. 11, 423 P.2d 348 (1967), the Arizona Supreme Court stated:

"There was evidence by physicians involved in the case regarding the capacity of the claimant to do any particular type of work. Powell objected to this evidence as incompetent. We have recognized that medical evidence is normally restricted to the nature of the claimant's physical injury or disability, with medical opinions as to earning capacity not being competent. Adkins v. Industrial Commission, 95 Ariz. 239, 389 P.2d 118 (1964); Hoffman v. Brophy, 61 Ariz. 307, 149 P.2d 160 (1944). However, there are instances where such opinions may be allowed, because of special knowledge by a doctor of the physical and mental requirements of a claimant's vocation. Prince v. Industrial Commission, 89 Ariz. 314, 361 P.2d 929 (1961)." 102 Ariz. at 14, 423 P.2d at 351.

In the case at bar, the following testimony of Dr. McCracken clearly indicates that he understood the physical requirements of petitioner's job:

"A. It was my understanding that his job entailed lifting fenders, carrying parts that may weigh up to as I understand about 50 pounds, and he was carrying them up and down stairs, as I understand it, from my last conversation with him.

\* \* \*

"The fenders that he would be lifting, as I say, were fairly large and bulky as I understand it, so it would require spreading the arms out in order to move these fenders, as I understand it. That was the basic crux of the job."

■ Since such a foundation was laid prior to eliciting Dr. McCracken's opinion as to earning capacity, the opinion testimony complied with the requirements of Powell and was properly admitted by the hearing officer. *See* Davis v. Industrial Commission, 16 Ariz.App. 535, 494 P.2d 735

(1972); Echard v. Industrial Commission, 14 Ariz.App. 217, 482 P.2d 466 (1971); Newman v. Industrial Commission, 14 Ariz.App. 154, 481 P.2d 524 (1971).

 It is therefore the opinion of this Court that the testimony presented to The Industrial Commission supports its conclusion that petitioner failed to meet his burden of proof of showing a loss of earning capacity. *See* Oliver v. Industrial Commission, 14 Ariz.App. 200, 481 P.2d 886 (1971).

The award is affirmed.

JACOBSON, C. J., Division 1 and HAIRE, J., concur.