514 P.2d 251

**Myra La RUE, Petitioner,**

v.

**The INDUSTRIAL COMMISSION of
Arizona, Respondent,**

**Superstition Inn, Respondent Employer,
U. S. Fidelity & Guaranty Company,
Respondent Carrier.**

**No. 1 CA–IC 842.**

Court of Appeals of Arizona,
Division 1,
Department A.

Sept. 27, 1973.

Spencer K. Johnston, Phoenix, for petitioner.

William C. Wahl, Jr., Chief Counsel, The Industrial Commission of Arizona, Phoenix, for respondent.

Maupin, Wilson & Maud, by Oliver H. Maud, Phoenix, for respondent employer and respondent carrier.

## OPINION

DONOFRIO, Presiding Judge.

This case is before us by writ of certiorari to review the lawfulness of an award and findings of The Industrial Commission of Arizona determining that petitioner had sustained a 49.96% reduction in earning capacity, entitling her to an unscheduled permanent partial disability award in the sum of $71.39 per month, pursuant to A.R. S. § 23–1044, subsecs. C and D.

The sole question for review is whether there was reasonable evidence to support the above findings and award.

Myra La Rue, hereinafter referred to as the petitioner, was injured in an industrial accident on December 26, 1969 while in the employ of respondent employer, Superstition Inn. The injury was primarily to her back and was precipitated by a swinging door striking her while she was carrying a tray. Prior to the industrial accident, the petitioner related that she had experienced no difficulties with her back. At the time of her injury she was approximately 59 years of age, with an eighth grade education and no special training. She had been employed as a waitress most of her adult life. Her average monthly wage at the time of her injury was $259.80.

Her claim for benefits was originally accepted by the respondent insurance carrier. Thereafter, on the 6th day of July, 1970, and the 14th day of April, 1971, the carrier issued its Notice of Claim Status terminating temporary compensation and medical benefits, finding no permanent disability attributable to this subject episode. Timely requests for hearing were filed to both notices of the respondent carrier.

The only medical testimony in this case was provided by Dr. Sidney H. Stovall, a physician and surgeon specializing in orthopedic surgery. After stating that the petitioner had sustained an injury to her back, Dr. Stovall further testified that she had a preexisting condition at the time of the industrial accident known as osteoporosis, and that by history, same was asymp-

tomatic at that time. He related that the injury at the time of the accident consisted of a back sprain superimposed upon the preexisting condition. He further testified that he felt the industrial accident triggered the symptoms of the osteoporosis which presently disable her.

As a result of a formal hearing on August 16, 1971 the hearing officer, in his decision dated August 24, 1971 which became final, found that:

". . . the episode acting upon applicant's preexisting osteoporosis precipitated the onset of her presently disabling *subjective symptomatology in the upper back*; that in the premises, applicant in legal contemplation, has sustained an unscheduled disability as a result of the subject episode. . . ."

Thereafter, the staff of The Industrial Commission of Arizona reviewed the file to make a loss of earning capacity determination. The result of the effort is a memorandum in the file dated Oct. 28, 1971 to the effect that:

". . . appl has the physical and mental ability to obtain work as a babysitter (307.878), numerous opportunities in this area and earn the sum of $130.00 per month, thereby sustaining the above loss in earning capacity."

On November 16, 1971 the Commission entered findings and award for unscheduled permanent partial disability finding, among other matters, that applicant had sustained a 49.96% reduction in earning capacity, entitling her to a monthly award in the sum of $71.39.

On January 11, 1972 petitioner filed a timely request for hearing, and pursuant thereto a formal hearing was held on May 1, 1972. The Commission then affirmed the award, finding a partial loss of earning capacity.

In our review of the file we find that the *only* information to "support" the findings of all three of the decisions of the Industrial Commission concerning petitioner's loss of earning capacity was the memoran-dum dated October 28, 1971. Aside from this, there was no testimony during any of the hearings to support the conclusion of only a partial loss of earning capacity, nor was there any as to this specific loss of earning capacity.

To the contrary, the record is replete with testimony to the effect that the petitioner has no earning ability. She testified that after the industrial accident she had attempted to return to work as a waitress, but could no longer do the work because of her back. Dr. Stovall reinforced her testimony by stating that she could do only a sedentary type of work now.

Petitioner testified without contradiction that she had sought work as a babysitter, not only in the area where she lives, Apache Junction, but in the Phoenix area as well, and had not been able to secure any employment. She also testified that she had registered for work at the Mesa State Employment office, but had not secured any employment. The manager of that office testified that petitioner had not been referred for any employment.

Dr. Stovall testified that petitioner would be limited in lifting, bending, stooping, walking up and down stairs, squatting and sitting. He stated that he felt she could work to a degree in a small restaurant that was not too busy, and where she would do no heavy lifting or squatting and stooping.

Petitioner testified, however, that she had been a waitress since 1941 in about twenty to twenty-five positions and she had never seen an employment opportunity such as was described by Dr. Stovall. She specifically stated:

"Usually a small place that has business enough to stay in business, you have to get faster at that place than you do in a large dining room because people eat more at leisure at the dining room than they do in a place where it is small and people run in for a quickie, as far as being up and on the go."

■ The evidence upon which the Commission's findings is based must be compe-

tent. Stanley v. Industrial Commission, 75 Ariz. 31, 251 P.2d 638 (1952). Such competent evidence must be in the record. Allen v. Industrial Commission, 87 Ariz. 56, 347 P.2d 710 (1952). With reference to testimony given by Dr. Stovall concerning petitioner's employment capacity and availability, we are unable to find any evidence that he had any special knowledge of the physical and mental requirements of the jobs involved so as to make him a competent witness. Powell v. Industrial Commission, 102 Ariz. 11, 423 P.2d 348 (1967). See also, Hobbs v. Industrial Commission, 20 Ariz.App. 437, 513 P.2d 975 (filed September 11, 1973).

We fail to find any evidence to sustain the conclusion reached by the Industrial Commission. Enyart v. Industrial Commission, 10 Ariz.App. 310, 458 P.2d 514 (1969). Therefore the, award is set aside.

OGG and STEVENS, JJ., concur.