[Civil No. 3658. Filed December 9, 1935.]

[52 Pac. (2d) 472.]

W. J. HUNTER, Petitioner, v. WM. PEPER CON-
STRUCTION CO., Defendant Employer, and
INDUSTRIAL COMMISSION OF ARIZONA,
Defendant Insurance Carrier, Respondents.

Mr. George D. Locke, for Petitioner.

Mr. Don C. Babbitt and Mr. Emil Wachtel, for
Respondent Industrial Commission of Arizona.

LOCKWOOD, C. J.—On May 11, 1934, W. J. Hunter, hereinafter called petitioner, was employed by the Wm. Peper Construction Company as a carpenter and while working as such slipped and fell, the small of his back striking a timber. As a result of this fall, he received an injury to his back in and around the lumbosacral and sacroiliac joints. He reported to Dr. J. M. Pearson, of Glendale, for treatment, and was under the care of the latter from the date of his injury until the death of Dr. Pearson, just prior to the decision of the Industrial Commission from which this appeal is taken. During all of this time he was also treated by other physicians selected by the commission, and received compensation for temporary total disability from the date of the injury to April 2, 1935.

On the 10th day of April, 1935, the commission made an award, based practically entirely upon a report of its medical rating board made March 4th, in which award it found the injury and the temporary disability up to April 2, 1935, and then found as follows:

"3. That the evidence is insufficient to establish that any disability existing subsequent to said above named period of temporary disability is proximately the result of any injury by accident arising out of and in the course of said applicant's employment," and further compensation, except in the sum of $10.05, which was duly paid, was denied.

Petitioner asked for a rehearing, which was granted him, and it was held on the 7th day of May. At that time petitioner testified himself and presented as witnesses Dr. R. K. Trueblood and Dr. Pearson. No request was made by him that the members of the medical rating board be present in person to testify in regard to his condition as shown by their

report of March 4, 1935. After considering the testimony at the rehearing and the report of the medical rating board above referred to, the commission reaffirmed its findings aforesaid and the award made thereon, whereupon this appeal was taken.

The sole question before us is whether the record supports the finding of the commission that there is insufficient evidence to satisfy them that petitioner's present disability was the result of his injury. This involves a brief review of the evidence. There is no dispute as to his falling, and the fact that he was at least temporarily disabled thereby. Petitioner testified that his condition was still such that he was totally unable to follow his occupation as a carpenter, though he might be able to do very light cabinet work which did not necessitate any bending or lifting. This disability was due, according to his statement, to the intense pain in the region of his injury which extended lifting or bending caused him. Dr. Pearson testified, in substance, that the only objective symptoms he could discover were a slight bone thickening in the neighborhood of the sacroiliac joint as shown by various X-rays, and a redness and tenderness in that region, but that judging from these facts and the statements of petitioner as to his pain, he was of the opinion that his condition was caused by a latent arthritis existing before the injury which was exacerbated thereby, so that the pain prevented petitioner from pursuing his ordinary work. He estimated his disability as 75 per cent., and stated that on account of his age—52 years—he thought it unlikely that it would be lessened. He was cross-examined as to whether the lighting up of the arthritic condition, which all of the physicians agreed did exist before the injury, might not have been caused by an infection of petitioner's gums and teeth rather than

by the injury. He stated that it was possible, but not probable, and that in his belief it was the injury which caused the lighting up of the old arthritis. Dr. Trueblood testified that about the time of the hearing he found petitioner's teeth and gums in perfect condition and that, in his opinion, there could not have been a septic condition of the teeth which caused the lighting up of the arthritis, but admitted it was possible there might have been some pyorrhea or inflamed tonsillar condition which could produce such a result. This was substantially all the testimony on behalf of petitioner.

The medical rating board found, in substance, that the bone changes which were present at their examination on March 5th were of such a nature that, in their opinion, they could not have been produced by or aggravated by the injury, and that the pain could not be attributed to the injury. They found that petitioner had had a bad condition of the teeth and gums and stated that, in their opinion, the infectious material therefrom might be the cause of the pain, or some other source of infection in the body which they could not locate might produce it.

■■ Petitioner's contention is, in substance, that the physical trauma which he received on May 11th caused the lighting up of an old arthritic condition which has resulted in his present admitted disability. It is of course true, under our decisions, that if some form of physical injury aggravates any already existing physical disease or condition, the injured workman is entitled to compensation to the extent of the disability caused thereby in the same manner as though his condition had been produced originally and directly by the injury. *Hartford Acc. etc. Co.* v. *Industrial Com.*, 38 Ariz. 307, 299 Pac. 1026. But it is also true that, just as in the case of a disability

claimed to have resulted directly from an injury, the burden of proof is upon him to show affirmatively by the evidence and to the reasonable satisfaction of the triers of fact that not only the injury might have produced his disability, but that it did produce it. *Ocean Accident & Guarantee Corp.* v. *Industrial Com.*, 32 Ariz. 265, 257 Pac. 641.

■■ Does the foregoing evidence meet this burden of proof placed upon the petitioner? The commission has found that it did not, and unless we can say that their finding was not supported by some reasonable theory which could be deduced from the evidence, it must be sustained. Summing up the testimony very briefly, it is admitted that petitioner had an arthritic condition of the sacroiliac joint which in all probability existed to some extent at least before his injury; that at the time of his injury he had a septic condition of the mouth and gums, but that his teeth themselves were in reasonably good condition. It is also admitted that he is at the present time suffering pain from an active arthritis of the sacroiliac joint. Two of the physicians testified that, in their opinion, the trauma for which he was granted temporary disability compensation caused an inactive arthritic condition to become active. Six physicians stated that, in their opinion, the trauma did not cause the active arthritic condition, but that it probably came from some source of infection within the body. Under the admitted facts of this case, the cause of the active arthritic condition is peculiarly and obviously one for expert medical testimony. When there is a conflict in such testimony, it is for the triers of fact to determine which they believe, and if the evidence is such that either theory may be correct, it is sufficient to sustain a finding that

the petitioner has failed to sustain the burden of proof placed on him by the law.

For the foregoing reasons, the award is affirmed.

McALISTER and ROSS, JJ., concur.