[Civil No. 4473.  Filed November 16, 1942.]

[130 Pac. (2d) 1036.]

STANLEY KALAF, by His Guardian Ad Litem, M. KALAF, Appellant, v. GEORGE ASSYD, by His Guardian Ad Litem, JOSEPH ASSYD, and JOSEPH ASSYD, His Father, Appellees.

Messrs. Townsend, Jenckes & Wildman, for Appellant.

Messrs. Rawlins & Rawlins, for Appellees.

ROSS, J.—This is an action by Stanley Kalaf, a minor, brought by his guardian *ad litem* M. Kalaf, to recover damages he alleges he sustained in an accident at Superior, Pinal County, Arizona, on February 5, 1940, in a collision between the automobile in which he was riding and another automobile.

At the time he was an employee of defendant Joseph Assyd in and about the latter's general store, and George Assyd, a minor son of Joseph, with the knowledge and consent of the said Joseph, took the latter's store delivery truck to go to a school building located in Superior, with the intention that plaintiff, who accompanied him, would drive the truck back to the store. On their way to such school building, George Assyd was driving the truck and plaintiff occupied the seat beside him. At the intersection of Porphyry Street and Lobb Avenue, and while George was driving, the delivery truck ran into a Buick sedan and as a result thereof, it is alleged, plaintiff sustained numerous injuries in and about his mouth, face and head. The negligence alleged is:

"That . . . the said George Assyd so carelessly and negligently operated, ran, and controlled said automobile truck at a high rate of speed, that it ran into and against a 1938 Buick automobile sedan which was being driven by one Marco Cagalj, thereby throwing the plaintiff . . . against the inside of the said automobile truck with great force and violence, causing the injuries hereinafter described."

The defendants' answer was a general denial. A jury trial resulted in a verdict in favor of defendants, upon which judgment was duly entered. The

plaintiff thereupon made a motion for a new trial on the grounds (1) that the plaintiff's evidence of the defendants' negligence is undisputed and (2) that it shows he is entitled to damages in some amount. This motion was denied. Plaintiff appealed.

The defendants insist that the assignments of error are insufficient to present any question for our consideration. Such assignments read:

"I. The trial jury erred in returning a general verdict in favor of the appellees and against appellant for the reason that the evidence is undisputed that appellant was injured, and the appellees were guilty of negligence which was the proximate cause of appellant's injuries.

"II. The trial court erred in rendering and entering judgment in favor of appellees and against appellant on the verdict of the jury for the reasons set forth in Assignment of Error I.

"III. The trial court erred in denying appellant's motion for a new trial for reasons set forth in Assignment of Error I."

■ While Assignment No. I nominally is directed to errors of the *trial jury*, it is plain the pleader meant to say (1) the *trial court* erred in accepting a general verdict, etc., and (2) in entering judgment for defendants on the verdict, and (3) in denying plaintiff a new trial "for the reason that the evidence is undisputed that appellant was injured, and the appellees were guilty of negligence which was the proximate cause of appellant's injuries." The error assigned is, in substance, that the evidence does not sustain the verdict or judgment but on the contrary shows the injury to plaintiff was caused by defendants' negligence. It seems to us the error charged is sufficiently specific to inform the court and appellees of the grounds of the appeal and substantially complies with our rules.

■ Without undertaking to recite the evidence on the issue of negligence, it appears conclusively that

it was the fault of defendant George Assyd that his automobile ran into and against the Buick and as a result thereof plaintiff was violently thrown against the inside of the truck in which he was riding causing injuries to his mouth and face. This is undisputed. It appears that the injury was not serious in itself but that it had the effect of aggravating a pre-existing trench mouth trouble of plaintiff's. In such case the damages might not be great but whatever they are the injured party is entitled to be compensated. *Hunter* v. *Wm. Peper Const. Co.,* 46 Ariz. 465, 52 Pac. (2d) 472. The law extends its protection to the afflicted as well as the healthy and strong.

The answer of defendants raised no issue of contributory negligence. Under section 21–406, Arizona Code 1939, when a party relies upon such negligence he must affirmatively plead it. There is no suggestion in the pleadings or in the evidence that the accident was the result of the negligence of plaintiff or that he was negligent at all. When the case went to the jury, the uncontroverted evidence was that plaintiff had been injured in an accident caused by the negligence of the defendant George Assyd, who was at the time the agent of Joseph Assyd, his father, performing service for him. It seems under such facts there remained but one question which was the amount of damages sustained by plaintiff. Under the facts and the law, we think the court erred in refusing to grant the plaintiff a new trial, since the evidence showed that he suffered some damages through the negligence of defendants.

The judgment is therefore reversed and the cause remanded with instructions to grant a new trial.

LOCKWOOD, C. J., and McALISTER, J., concur.