367 P.2d 270

**PHELPS DODGE CORPORATION, MORENCI BRANCH, Petitioner,**

**v.**

**INDUSTRIAL COMMISSION of Arizona and Leon R. Lloyd, Respondents.**

No. 6823.

Supreme Court of Arizona,

En Banc.

Dec. 13, 1961.

Rehearing Denied Jan. 31, 1962.

Evans, Kitchel & Jenckes, Phœnix, for petitioner.

James D. Lester, Donald J. Morgan, Phœnix, Frances M. Long and Edward E. Davis, Phœnix, of counsel, for respondent Industrial Commission.

Rogge & Rogge, Tucson, for respondent Leon R. Lloyd.

STRUCKMEYER, Chief Justice.

Respondent, Leon R. Lloyd, while in the employ of petitioner, Phelps Dodge Corporation, in 1953 sustained personal injuries by accident arising out of and in the course of his employment. In 1954 the Industrial Commission of Arizona entered an award finding a 5.51 loss of earning capacity. Thereafter, Lloyd petitioned the Commission under the authority of A.R.S. § 23–1061, subd. C for an increase of compensation alleging new and additional disability and on January 10th, 1958, the Commission made a finding that Lloyd had sustained a 35% general "physical functional disability" as a result of the accident. On August 13th, 1958, the Commission entered an award that applicant's injury resulted in "total permanent disability". The Phelps Dodge Corporation after petition for rehearing upon which the Commission reaffirmed its award brought the matter to this Court.

In substance, three questions are presented for determination, none of which present a novel problem. All have been heretofore determined against petitioner.

It is argued that the evidence does not support the Commission's decision that respondent has a total permanent disability rating. As to this, there is at the most a conflict in the evidence. We have repeatedly said that the findings and award of the Industrial Commission will not be disturbed if there is any reasonable evidence in support thereof. See Pacific Motor Trucking Co. v. Industrial Commission, 88 Ariz. 265, 355 P.2d 966.

There is evidence, for example, by Dr. William B. McGrath, in a report dated June 3rd, 1957, in which he stated that Lloyd's condition justified a total disability rating. Subsequently, he said:

"Physical labor will cause headache, even in the absence of responsibility. Light work would entail some use of judgment, for which he is no longer qualified."

The Medical Advisory Board in September of 1957, stated:

"Because of his poor mental grasp, which is felt to be the result of his cortical atrophy, we are constrained to recommend that he not return to any work which would involve personal judgment."

The foregoing manifestly permits the conclusion that Lloyd has a total permanent disability.

Phelps Dodge Corporation urges that the Commission erred in its finding of total permanent disability for the reason that the previous award of the Commission entered January 10th, 1958, determined that Lloyd had sustained only a permanent partial disability for work and that this award became res judicata. Petitioner misconstrues the findings of January, 1958. The Commission's finding was "That applicant has sustained a 35% general physical functional disability." No finding was made as to "permanent partial disability for work" under A.R.S. § 23–1044.

The percentage of general physical functional disability resulting from an accident as fixed by a Medical Advisory Board is only one of the factors to be considered in arriving at the percentage of loss of earning power and is not the controlling factor. There is no necessary parallel between the percentage of general physical functional disability and the percentage of loss of earnings. Allen v. Industrial Commission, 87 Ariz. 56, 347 P.2d 710; Eagle Indemnity Co. v. Hadley, 70 Ariz. 179, 218 P.2d 488; Kennecott Copper Corporation v. Industrial Commission, 62 Ariz. 516, 158 P.2d 887; Hoffman v. Brophy, 61 Ariz. 307, 149 P.2d 160.

It is finally urged that the Commission erred in awarding total permanent disability because Lloyd is capable of performing certain types of work such as janitorial service and the like, and that Lloyd did not make any reasonable effort to secure work in areas where such work is available. It is possibly true that Lloyd might be able to do some light work where no exercise of judgment is required as suggested but the evidence is undisputed that in his home area of Clifton-Morenci he was not able to find any such work. Lloyd in this locality applied to the unemployment agencies and in addition made five (5) independent applications to private businesses without success.

Petitioner points to the fact that Lloyd did not go outside his home area and seek employment, as for example, in Phœnix. As to this, respondent testified that he continued to live in Clifton because he had lived there for thirteen (13) years and everybody knew him and was helpful to him in different problems—people would drive his car for him and in case of sickness they would come to his rescue. We have previously held that it would be most unreasonable to require a complainant to abandon his established home and at an expense he can ill afford, travel from state to state or community to community in a hopeful but possibly futile effort to obtain a position. Schnatzmeyer v. Industrial Commission, 77 Ariz. 266, 270 P.2d 794. We feel constrained to observe that while there are unquestionably more jobs available in the Phœnix area, as petitioner urges, likewise

there are more individuals seeking the available jobs.

The award is affirmed.

BERNSTEIN, V. C. J., and UDALL, JENNINGS and LOCKWOOD, JJ., concur.