382 P.2d 675

**Jack WHEELER, Petitioner,**

**v.**

**The INDUSTRIAL COMMISSION of Arizona, and Bechtel Corporation, a corporation, Respondents.**

**No. 7507.**

Supreme Court of Arizona.

In Division.

June 19, 1963.

---

2. See, e. g. 1 Larson, Workmen's Compensation, § 27.22 and cases cited therein.

H. S. McCluskey, Phoenix, for petitioner.

Edward E. Davis, for respondent Industrial Commission of Arizona.

Jennings, Strouss, Salmon & Trask by John S. Hobbs, Phoenix, for respondent Bechtel Corp.

T. J. MAHONEY, Superior Court Judge.

On August 24, 1960 the petitioner, a man of 52 years of age, was employed by the Bechtel Corporation as a journeyman electrician in the construction of the Agua Fria Steam Plant located in Glendale, Arizona. His duties on this particular day entailed the pulling of heavy cable and placing the same in overhead cable trays. Some time after the morning coffee break and before noon he felt dizzy, nauseated, and had difficulty in breathing. He left the tunnel, where he was working, and reported to his foreman that he felt sick. He sat down for a short time and next remembered being stretched out on the floor. He was taken to St. Joseph's Hospital in Phoenix and was placed in the care of a physician who attended him until November 29, 1960.

The physician, after his initial examination of the petitioner, admitted him on the basis of a myocardial infarction. Electrocardiographic tests were made, all of which indicated no gross abnormality. He was treated at the hospital with anticoagulants and other medications for the heart condition. During the time he was in the hospital it was determined that he was also suffering from an asymptomatic duodenal ulcer which became acute. Prior to his release from the hospital another complication developed when his left knee became swollen and painful about September 25, 1960, and a diagnosis of rheumatoid arthritis was made. The petitioner was released from the hospital with the diagnosis of acute coronary insufficiency with possible myocardial infarction.

He continued to visit the office of the attending physician from time to time and later was examined by a board of medical consultants appointed by the Commission. He complained of pains in the chest and was hospitalized on four different occasions. The Commission on October 19, 1960, rendered its Findings and Award based upon the consultation board report of October 4, 1960. The Commission found that the petitioner had aggravated a pre-existing coronary condition and also made a finding that petitioner's duodenal ulcer and left knee condition were not related to the injury.

The petitioner applied for a rehearing on April 13, 1961, alleging he was still disabled as a result of the accident that occurred on August 24, 1960. Thereafter the Commission caused that further examinations be conducted relative to petitioner's alleged disabilities. On May 26, 1961, reports of an X-ray examination and an electrocardiagram examination were filed with the Commission. The record also shows that after the petition for rehearing was filed the attending physician made an initial examination and report and thereafter made monthly reports pertaining to petitioner's physical condition.

On June 6, 1961 the board of medical consultants, after having given the petitioner a further examination and after reviewing all the reports and data pertaining to the case, made an additional report to the Commission. Three members of the board stated:

"It is our opinion at this time that any aggravation manifested by angina pectoris occasioned by the strain incident to the work performed on August 24, 1960 would not produce any permanent damage to the miocardium nor would it accelerate, retard, or in any manner affect the progress of the man's coronary sclerosis, and it is our opinion, furthermore, that this patient sustained the attack of pain which hospitalized him on April 12, 1961 as a result of his progressive coronary sclerosis and

could not be attributable to the fact of the strain of August 24, 1960."

Dr. Reed D. Shupe, the fourth member of the board and the attending physician, filed a minority report in which he stated:

"It is my feeling that he was industrialized because of aggravation of a pre-existing condition, namely, arterio sclerotic heart disease with coronary insufficiency. His condition has continued the same as at the time of industrializing of an accident with the exception of his acute coronary occlusion. I feel there should not have been termination of his industrial association on the basis that he still had his complaint of pain when he was discharged."

On the basis of the consultation report the Commission, on June 15th, 1961, made an order denying rehearing and affirming previous findings and award.

Thereafter, on July 12, 1961, petitioner again filed an application for a rehearing, and additional documentary evidence was submitted in support of his application. On December 11, 1961, the Commission after reviewing all of the evidence entered its order that "the Findings and Award for Temporary Disability entered on March 24, 1961, and the order affirming previous findings and award rendered June 15, 1961, be and the same are hereby affirmed."

The findings of the Commission are summarized as follows:

"1.  That applicant suffers from and did suffer prior to his accident of August 24, 1960, progressive coronary artery disease.

"2.  That applicant's injury of August 24, 1960, caused a temporary aggravation of his pre-existing coronary artery disease and that said injury-caused aggravation terminated on or before February 28, 1961.

"3.  That duodenal ulcer discovered when applicant was first hospitalized was not the result of his accident of August 24, 1960, and that said condition pre-existed applicant's said accident.

"4.  That applicant suffers from an arthritic condition of the left knee, which condition is not causally related to applicant's accident of August 24, 1960.

"5.  That applicant suffers no residual or permanent physical disability as the result of his accident of August 24, 1960.

"6.  That the evidence fully supports the Findings and Award for Temporary Disability rendered herein on March 24, 1961, and the Order Affirming Previous Findings and Award rendered herein June 15,

1961, and the same should be affirmed."

The Commission contends that its findings and award are reasonably supported by the evidence. With this contention we agree. We have held that if some form of physical injury aggravates an already existing physical disease or condition, the injured workman is entitled to compensation to the extent of the disability caused thereby in the same manner as though his condition had been produced originally by the injury. Hartford Acc. etc. Co. v. Industrial Commission, 38 Ariz. 307, 299 P. 1026 (1931).

■ The burden of proof, however, is upon the petitioner to show affirmatively by the evidence not only that the injury might have produced the disability, but that it did in fact produce it. This burden the petitioner has failed to carry. Ocean Accident & Guarantee Corp. v. Industrial Com., 32 Ariz. 265, 257 P. 641 (1927); Hunter v. Wm. Peper Construction Co., 46 Ariz. 465, 52 P.2d 472 (1935).

■ If the result of an industrial accident is not one that is clearly apparent to the layman, the physical condition of the injured employee and the causal relationship of the accident to such condition can only be determined by expert medical testimony. The petitioner prior to the accident was suffering from a progressive coronary sclerosis, the diagnosis of which could only be made by medical examination. It is the majority opinion of the board of doctors that there was no causal relationship between his condition upon the last examination and that of the incident of August 24, 1960. The Commission has properly considered the medical findings of the board in arriving at its decision.

■ The evidence in this case is at best conflicting and presents a mere possibility that falls short of the proof required, and this Court cannot dictate to the Commission what evidence it must believe when the record shows that there is a conflict. Books v. Industrial Commission, 92 Ariz. 302, 376 P.2d 769 (1962); Norris v. Industrial Commission of Utah, 90 Utah 256, 61 P.2d 413 (1936).

For the reasons stated the award of the Industrial Commission is hereby affirmed.

UDALL, V. C. J., and LOCKWOOD, J., concur.