439 P.2d 307

The CUDAHY PACKING COMPANY,
Petitioner,

v.

The INDUSTRIAL COMMISSION of Arizona, and A. R. Kleindienst, C. Lawrence Huerta and Frank G. Murphy, as members of the Industrial Commission of Arizona, and Carl A. Nichols, Respondents.

No. I CA–IC 94.

Court of Appeals of Arizona.

April 1, 1968.

Fennemore, Craig, Allen & McClennen, by Roger G. Strand, Phoenix, for petitioner.

Robert K. Park, Chief Counsel, for respondent, The Industrial Commission.

Donald J. Morgan, Phoenix, for respondent, Carl A. Nichols.

DONOFRIO, Judge.

The respondent employer petitioned this court for a writ of certiorari, which was granted, to review the lawfulness of an award and findings of The Industrial Commission of Arizona · issued December 14, 1965. The award found that the· claimant's 25% general physical disability resulting from an industrial injury had caused him to sustain a 100% loss of earning capacity; further, that claimant is permanently and totally disabled, and is entitled to an award based upon 60% of his average monthly wage prior to injury.

The employer presents two questions for determination: 1) whether the evidence supports the finding of the Commission that the claimant suffered a 100% loss of earning capacity and is therefore permanently and totally disabled as the result of the injury; 2) whether Social Security benefits paid to claimant and his family should be taken into consideration in a determination of his loss of earning capacity.

■ In deciding question No. 1, whether the award of the Commission is reasonably supported by the evidence, we must examine the evidence in the light most favorable to sustaining the award of the Commission. Snyder v. Industrial Commission, 96 Ariz. 81, 392 P.2d 34 (1964); Donaldson v. Industrial Commission, 2 Ariz.App. 172, 407 P.2d 111 (1965).

Claimant was employed as a pork cutter in the Cudahy Packing Company's meat packing plant on November 30, 1961. He was washing tanks when one of the tanks

slipped and threw him off balance. He immediately noticed a pull in his back and at once reported the accident to his employer. The record indicates that the employer's nurse's office referred claimant to an osteopathic doctor who treated him on December 1 and 2, 1961. Subsequently claimant was treated by several other doctors and was hospitalized in two different hospitals, undergoing treatment and surgical procedures during a period of over two and one-half years.

On June 1, 1964 claimant was seen in consultation by the Medical Advisory Board. The conclusion of the Board was that the patient suffered a permanent partial disability amounting to a 25% impairment of the whole man as the result of the accident of November 30, 1961.

Following the Medical Advisory Board's report, the Commission issued a Findings and Award and Order pending determination of earning capacity which ordered claimant to make a sincere, honest and conscientious effort to obtain and retain work of any nature that he was physically and mentally capable of performing. The award authorized temporary partial disability through June 2, 1964.

Two formal hearings were held in this matter, the first on the Commission's own motion, for a determination of loss of earning capacity, and the second on claimant's petition for rehearing. The first hearing was held March 8, 1964 and in response to questions by the Referee, claimant testified at length that he had sought employment at forty or fifty business establishments, but had been unable to find work for which he was mentally and physically qualified. The employer did not put on any evidence that would contradict or disprove the testimony of claimant that, although he would be willing to try to obtain and retain employment, he felt he was physically unable to do so. In spite of this, the day following the hearing, on March 9, 1964, the Referee issued a report in which he found that claimant had the mental and physical capacity to undertake the occupation of night watchman to

the extent that the Commission could reasonably expect him to earn the monthly sum of $160.00. He further indicated that claimant had thereby sustained a 62.85% reduction in his monthly earning capacity. On the basis of the Referee's report, the Commission issued an Award and Findings on April 14, 1965, which incorporated the finding that claimant could work as a night watchman and earn $160.00 per month.

Claimant then retained counsel and petitioned for a rehearing in this matter. The rehearing was held on November 9, 1965. Claimant testified he had returned to his former employer, Cudahy, and asked them for a job, but had been refused and told that when he could do his old job he should return. At several places in the transcript claimant testified that he could not stay in any position comfortably for very long, but that it was necessary for him to vary from a sitting to a standing to a walking position in order to be comfortable. He testified that the maximum distance he could walk was between five and six blocks, qualifying this by saying that at times it was necessary for him to rest within this distance. Claimant testified that following the award of the Commission he had contacted more business establishments attempting to secure work as a night watchman, but that he had been unsuccessful in obtaining such employment. Again, no evidence was submitted by the employer to contradict the testimony of claimant.

Following the second hearing, the Referee issued a report finding that claimant had suffered a 100% loss of earning capacity as the result of his industrial injury. Subsequently, the Commission issued an award which incorporated this finding. This is the award of which the respondent employer complains.

█ It is the opinion of the Court that the award of the Industrial Commission is reasonably supported by the evidence. In fact, the only evidence before the Commission was that presented by the claimant, which indicated that he had diligently sought employment and had been unable to

find any work which he was physically capable of performing. Claimant's testimony was corroborated by the list of prospective employers which he supplied to the Commission, which was subject to verification by their investigators.

 The second question, whether Social Security benefits paid to the claimant and his family should be taken into consideration in a determination of his loss of earning capacity, has previously been before this Court. In Womack v. Industrial Commission, 3 Ariz.App. 74, 412 P.2d 71 (1966), the claimant, over objection by counsel, was ordered to enter into the record of the hearing the amount of Social Security disability benefits he and his family were drawing. We stated then:

"* * * Since the only issue in this hearing was what loss of earning capacity claimant suffered, we see little probative value in setting forth the amount of Social Security benefits paid to the family.

The fact that the claimant, under a different law, is entitled to disability benefits from the Social Security, has no effect on the amount of industrial compensation claimant is entitled to draw. A.R.S. § 23–1044D sets forth what is to be considered to determine the reduced monthly earning capacity:

"'D. In determining the amount which represents the reduced monthly earning capacity for the purposes of subsection C of this section, consideration shall be given, among other things, to any previous disability, the occupational history of the injured employee, the nature and extent of the physical disability, the type of work the injured employee is able to perform subsequent to the injury, any wages received from work performed subsequent to the injury and the age of the employee at the time of injury.'

"The amount of Social Security benefits paid to claimant and his family is not involved. * * *"

In that case too, we noted that since the claimant was drawing the maximum Social Security benefits which could be drawn, it indicated that the Social Security Administration had determined that the claimant was totally disabled and was therefore entitled to these maximum benefits.

For the reasons set forth herein, the award is affirmed.

CAMERON, C. J., and STEVENS, J., concur.