475 P.2d 281

**WESTERN UNION TELEGRAPH COMPANY, Petitioner,**

**v.**

**The INDUSTRIAL COMMISSION of Arizona, Respondent,**

**Myron E. Funk, Respondent Employee,**

**State Compensation Fund, Respondent Carrier.**

**No. I CA–IC 396.**

Court of Appeals of Arizona, Division 1, Department A.

Oct. 13, 1970.

Rehearing Denied Nov. 5, 1970.
Review Granted Dec. 22, 1970.

Robertson & Fickett, P. C., by Leonard Everett, Tucson, for petitioner.

Donald F. Arveson & Robert W. Eppstein, by Robert W. Eppstein, Tucson, for respondent employee.

Donald L. Cross, Phoenix, Chief Counsel The Industrial Commission of Arizona, for respondent.

Robert K. Park, Phoenix, Chief Counsel State Compensation Fund, for respondent carrier.

STEVENS, Judge.

This case is before us on a writ of certiorari to review the lawfulness of an award of The Industrial Commission.[1]

An award of The Industrial Commission was entered on 31 March 1969 which found that the claimant had suffered a 100% loss of earning capacity and a 10% general functional disability as the result of his injury by an industrially related accident. On 3 December 1969, the Commission denied a petition for rehearing which was filed by the employer Western Union Telegraph Company, referred to hereafter as Western Union or as the employer.

As grounds for seeking the rehearing Western Union alleged that the award of 31 March 1969 was " * * * unjust, unlawful, and unsupported by the evidence." The employer sought to introduce evidence which,

" * * * could not have been offered at the original hearing due to unknown complications which have now been re-

1. This matter was decided under the law as it existed prior to 1 January 1969.

solved, and further due to other complications existent at the time which have now been resolved."

The facts in support of these statements were not set forth. It also offered to prove that it stood ready to reemploy the claimant in a "modified position" which he would be able to hold in spite of his disability. It did not question the determination of a 10% general functional disability.

The 31 March 1969 award was entered after hearings which were held before the Commission on 2 October 1968 and 18 October 1968. The employer chose not to make an appearance at either of the hearings and so notified the Commission. Western Union was not then represented by counsel. In denying the petition for rehearing the Commission found:

"1. * * * that the defendant employer has had a full and complete opportunity to present evidence and/or cross-examine the authors of any documents or testimony received.

"2. This Commission finds that no useful purpose would be served by holding further hearing in the matter."

We agree.

Findings of The Industrial Commission, if supported by sufficient competent evidence, will not be disturbed by the Court of Appeals, and since the Commission is the trier of facts, evidence adduced will be considered in the light most favorable to sustaining the award. Dunham v. Industrial Commission of Arizona, 4 Ariz.App. 575, 422 P.2d 406 (1967); Donaldson v. Industrial Commission of Arizona, 2 Ariz. App. 172, 407 P.2d 111 (1965).

At the time of his injury, on 18 January 1967, the claimant was 58 years old. He suffered an acute lumbosacral sprain which required a laminectomy. The Commission issued a temporary award retaining jurisdiction to make a further final award pending determination of loss of earning capacity. This was timely protested by the claimant, and the October 1968 hearings were held.

At the hearing held on 2 October the claimant testified that he had moved to Arizona in 1944 on the advice of a doctor because he suffered from sinus and bronchial trouble. Western Union had employed him since 1945. His classification at the time of his injury was "plant technician." The description of the job was installation and maintenance of communications equipment. After his surgery, the claimant testified, he attempted to work at other jobs, but he was unable to carry on more than a few hours at a time before he was forced to seek relief from the pain in his back. His ability to move was also limited.

There was further testimony that he sought reemployment through Western Union, but was told that they had nothing for him if he could not work full time. He was told by the Arizona Employment Service that it had men registered with it who could do heavy work and that it could not put these men to work. While the testimony of the claimant on this point was in the realm of hearsay, it was proper for the Commission to consider it. Reynolds Metals Co. v. Industrial Commission of Arizona, 98 Ariz. 97, 402 P.2d 414 (1965). Neither of those attempts nor the efforts of the Rehabilitation Section of the Commission resulted in the claimant's return to work. The claimant's testimony was supported by that of his wife.

Doctors Van Antwerp, Redekop, and Fonseca expressed the view, at the hearings, that the claimant was able and should return to some form of gainful employment. Their opinions were qualified to the extent that he would not be able to perform the lifting and carrying, an integral part of the job he engaged in prior to his injury. They also testified that while the claimant's symptoms were difficult to prove by objective tests, they did not believe that he was malingering or feigning the problems and pain that he complained of.

Western Union attacks the award of the Commission on the grounds that the evidence in the record does not support an

award of 100% loss of earning capacity to a man who has been found to be 10% physically disabled. The criteria for determining loss of earning capacity are set out in A.R.S. § 23-1044, subsec. D. Among other things the Commission must take into account are any previous disability, occupational history, the nature and extent of the physical disability, the type of work the injured employee is able to perform subsequent to the injury, any wages received for work performed subsequent to the injury and the age of the employee at the time of the injury.

■ The ability of the claimant to earn or perform certain kinds of work does not preclude a finding of total disability. It is merely one of the factors which must be taken into consideration by the Commission. Phelps Dodge Corporation, Morenci Branch v. Industrial Commission of Arizona, 90 Ariz. 379, 368 P.2d 450 (1962).

■ Western Union further alleged in its petition that it wished to present evidence that it stands ready to reemploy the claimant. The Commission had the offer of reemployment, in a "place other than Arizona," before it when it made its decision. The claimant testified that it was necessary for him to remain in Arizona due to his sinus and bronchial condition. His medical experiences when he attended company training schools outside of Arizona confirm this. In any event, even though he would be employable elsewhere, the employability is measured by the local labor market. Phelps Dodge Corporation, Morenci Branch v. Industrial Commission of Arizona, 90 Ariz. 248, 367 P.2d 270 (1961). While this Court does not wish to discourage the practice of employers rehiring partially disabled workers, neither does it wish to encourage the practice of waiting to ascertain the outcome of proceedings before the Commission and then attempting to defeat an award with an after-the-fact job offer. There was testimony that was satisfactory to the Commission which disclosed effort on the part of the claimant to secure employment in the area of his residence. The employer then had the burden of going forward with evidence to show the fact of available suitable employment. This it failed to do. Meadows v. Industrial Commission of Arizona, 12 Ariz.App. 114, 467 P.2d 954 (1970).

■ The Commission had before it the unchallenged testimony of the claimant and his wife. It found nothing which would have called into question the credibility of those witnesses. It may not reject testimony solely on the grounds that the witness is the claimant. Quirk v. Industrial Commission of Arizona, 3 Ariz. App. 84, 412 P.2d 81 (1966). See also State Compensation Fund v. Garcia, 12 Ariz.App. 9, 467 P.2d 84 (1970). In that case the Court of Appeals found that the only evidence as to loss of earning capacity in the record was the testimony of the claimant that he was unable to sell his services in the labor market, and that an award of only 80.74% loss of earning capacity was not supported by the evidence. In the present case the Commission also had the testimony of the doctors who examined the claimant to consider.

We find that the Commission weighed the evidence that was before it and correctly applied the statutory criteria for determining 100% loss of earning capacity of the claimant.

The award of 31 March 1969 is reasonably supported by the evidence in the record. The award of 3 December 1969 denying the petition for rehearing is,

Affirmed.

DONOFRIO, P. J., and EUBANK, J., concur.