484 P.2d 232

Sebastian P. IHLE, Petitioner,

v.

The INDUSTRIAL COMMISSION of Arizona, Respondent,

Magma Copper Company, San Manuel Division, Respondent Employer,

State Compensation Fund, Respondent Carrier.

No. 1 CA–IC 504.

Court of Appeals of Arizona, Division 1, Department B.

April 28, 1971.

1. There was a change in the law in 1968. See Chapter 10, 1968 Session Laws of Arizona, A.R.S. § 13–672.

**464**

Davis & Eppstein, by Robert W. Eppstein, Tucson, for petitioner.

Twitty, Sievwright & Mills by John F. Mills, Phoenix, for respondent employer.

William C. Wahl, Jr., Counsel, Phoenix, for respondent The Industrial Comm.

Robert K. Park, Chief Counsel, Phoenix, for respondent carrier State Compensation Fund.

HAIRE, Judge.

The sole issue raised in this review of an Industrial Commission award is whether in establishing the petitioner's post-injury earning capacity the Commission improperly failed to consider the petitioner's work-connected travel expenses.

Prior to his injuries, the petitioner lived in Mammoth, Arizona near the place of his mining employment. As a result of his injuries he was no longer physically able to engage in mining work. In order that he might be retrained for future productive work of a type within his lessened physical capabilities, he was encouraged to, and did, take a vocational rehabilitation training course in Tucson, Arizona, located approximately 50 miles from his place of residence. "On-the-job" training in connection with the course led to the subsequent employment of petitioner in Tucson as a television repairman. During this training period the petitioner continued to live in Mammoth, Arizona, commuting by automobile daily (five days a week) to Tucson. There is evidence that petitioner owned his own home in Mammoth and that he had been unable to obtain suitable employment other than in the Tucson area. During his training period petitioner received a monthly travel allowance of $60.00, apparently from the State Department of Vocational Rehabilitation. Petitioner testified that this travel allowance probably covered his gas and oil expense, but nothing else. The Commission found petitioner's post-injury monthly earning capacity to be $286.-00, which was the same amount as his monthly earnings at the time of the hearing.

Petitioner presents the following question for our consideration:

"When an injured workman's post-injury job requires him to commute 500 miles each week, and when there is no job for him any closer to his home town (also the place of injury) may the Commission find his loss of earning capacity to be exactly the difference between his post-injury earnings and his average monthly wage?"

A.R.S. § 23–1044, subsections C and D provide in part as follows:

"C. * * * where the injury causes permanent partial disability for work, the employee shall receive during such disability compensation equal to fifty-five per cent of the difference between his average monthly wages before the accident and the amount which represents his reduced monthly earning capacity resulting from the disability. * * * *"

"D. In determining the amount which represents the reduced monthly earning capacity for the purposes of subsection C of this section, consideration shall be

given, *among other things,* to any previous disability, the occupational history of the injured employee, the nature and extent of the physical disability, the type of work the injured employee is able to perform subsequent to the injury, any wages received for work performed subsequent to the injury and the age of the employee at the time of injury." (Emphasis supplied).

It will be noted that subsection D lists several factors to be considered by the Commission "among other things" in determining the post-injury earning capacity including " * * * any wages received for work performed subsequent to the injury." We believe that a more precise statement of the issue on this appeal is whether extraordinary post-injury work-connected expense, when similar expense was not a part of the pre-injury employment, is one of the "other things" which should be considered by the Commission in establishing the reduced monthly earning capacity of the injured workman.[1] It is well established by Arizona case law that post-injury earnings presumptively constitute an adequate measure of post-injury earning capacity, and the burden is on the claimant to bring forward other relevant facts. Maness v. Industrial Commission, 102 Ariz. 557, 434 P. 2d 643 (1967); Allen v. Industrial Commission, 87 Ariz. 56, 347 P.2d 710 (1959). However, it is equally well established that when other factors reasonably relevant to the establishment of post-injury earning capacity are presented to the Commission, the Commission cannot limit its consideration to actual earnings to the exclusion of these other factors. White v. Industrial Commission, 82 Ariz. 120, 309 P.2d 250 (1957); Laramore v. Industrial Commission, 82 Ariz. 100, 309 P.2d 237 (1957).

In addition to the factors specifically listed in the statute, the Arizona Supreme Court has recognized that because of changing economic conditions, post-injury earnings may not always furnish an accu-

rate gauge of post-injury earning capacity when compared with the pre-injury average monthly wage. Whyte v. Industrial Commission, 71 Ariz. 338, 227 P.2d 230 (1951). In the same vein, it is our opinion that unusual post-injury employment expenses which were not inherent in the workman's pre-injury employment may likewise have the practical effect of diminishing the actual post-injury earning capacity on a comparative basis. Because of these post-injury employment expenses, the actual post-injury earnings may, when considered alone, present a distorted view of the workman's post-injury earning capacity as compared to his pre-injury average monthly wage. By the foregoing we do not mean to imply that in all instances unusual post-injury work-connected travel expenses must be considered by the Commission. Here, petitioner had a long established residence in Mammoth, Arizona and the evidence reasonably demonstrated that there was no suitable work available to petitioner in or near Mammoth. The Arizona Supreme Court has previously held that it would be unreasonable for the Commission to require an injured workman to abandon his home under such circumstances in order to seek employment in other areas. Phelps-Dodge Corp., Morenci Br. v. Industrial Commission, 90 Ariz. 248, 367 P.2d 270 (1961); Schnatzmeyer v. Industrial Commission, 77 Ariz. 266, 270 P.2d 794 (1954). Conceivably, petitioner could have restricted his employment efforts to the Mammoth labor area with a resulting substantial decrease in his post-injury earning capacity. When a disabled workman voluntarily expands his employment efforts to an area distant from the place of his pre-injury employment, but maintains his pre-injury place of residence, we are of the opinion that the Commission can and should consider the attendant work-connected travel expenses in determining his post-injury earning capacity. By this holding we do not mean to establish a mathematical formula governing the Commis-

---

1. Here petitioner's post-injury work-connected travel expense exceeds 20% of the amount the Commission found as representing his post-injury earning capacity.

**466**

sion's consideration of the factors involved. There is no necessity for the Commission to find a fixed allowance or amount for these expenses. All we hold is that evidence presented concerning these expenses must, under appropriate circumstances, be considered by the Commission in fixing the post-injury earning capacity.

Applying the foregoing to the case under consideration, it is obvious from remarks made by the hearing officer in his report to the Commission that petitioner's travel expenses were not considered in establishing his earning capacity. Accordingly, the award must be set aside. It may well be that upon reconsideration the Commission might arrive at the same or some altogether different earning capacity for petitioner. All that we hold is that under the circumstances here involved, petitioner's evidence of post-injury employment-connected travel expense was a relevant factor for consideration under A.R.S. § 23–1044, subsec. D.

The award is set aside.

JACOBSON, P. J., and EUBANK, J., concur.