510 P.2d 387

James A. PIKE, Petitioner,

v.

The INDUSTRIAL COMMISSION of
Arizona, Respondent,

Barlow Appliance Co., Respond-
ent Employer,

Fidelity & Casualty Co. of New York,
Respondent Carrier.

No. 1 CA–IC 743.

Court of Appeals of Arizona,
Division 1,
Department A.

June 5, 1973.

Finn, Finn & Wilkes, Ltd., by Herbert B. Finn and Galen H. Wilkes, Phoenix, for petitioner.

William C. Wahl, Jr., Chief Counsel, The Industrial Commission of Ariz., Phoenix, for respondent.

Gust, Rosenfeld & Divelbess by James M. Koontz, Phoenix, for respondents employer and carrier.

DONOFRIO, Presiding Judge.

This case is before the Court by writ of certiorari to review the lawfulness of an award and findings of The Industrial Commission of Arizona. The principal issue is whether the award and findings are reasonably supported by the record.

On October 27, 1969 petitioner, 57 years of age, was deliberating a washing machine for respondent employer. He was having difficulty in maneuvering the machine, and while trying to zigzag it up some cement steps, experienced a terrific pain in his back. After delivering the machine he went home and called the shop, reporting to them that he hurt his back and that he was going to a doctor. He immediately went to Dr. George E. Stavros who diagnosed his condition as an acute lumbosacral sprain.

It will serve no purpose to relate the medical history of this case except to state briefly that in addition to being treated by his attending physician, Dr. Stavros, he was examined and treated by Dr. Richard H. Daley, an orthopedic surgeon to whom he was referred by Dr. Stavros, and by Dr. Richard R. Van Epps, a medical neurologist. He was seen in group consultation, and a report thereof was made on February 12, 1971 by Doctors Sidney L. Stovall, Richard H. Daley, Richard R. Van Epps and Paul E. Palmer who arrived at the following conclusion:

"COMMENTS: The consultants agree with the original attending physician that

the patient sustained a sprain of the lumbar spine, superimposed upon prior degenerative changes.

"It has now been better than fifteen months since his accident, and the consultants feel that he is now recovered from the effects of this sprain. The consultants further feel that the patient's symptoms at this time are related to his degenerative disc disease, rather than to the injury in question. The consultants have nothing to suggest as far as future treatment is concerned, and they feel that no special treatments or examinations are required. The consultants further feel that the patient has no working disability as a result of the accident of 10–27–69. His disability is related to the pre-existing condition."

By notice of claim status issued March 4, 1971 compensation and medical benefits were terminated in accordance with the group consultation report of February 12, 1971. This was protested by petitioner, and after a hearing which included the testimony of four doctors, the benefits were terminated through March 4, 1971 by the hearing officer. The decision was affirmed by the Commission and this review followed.

Petitioner in effect argues that he has sustained his burden of proof by the evidence of Dr. Stavros who testified that the industrial injury aggravated petitioner's preexisting disease and that his present complaints and disability were caused by the industrial injury. Petitioner's symptoms are exemplified by his testimony that: "If I am on my feet or if I move around or exert myself very much, my back hurts real bad and down into my legs. My legs hurt real bad, especially if I am on them too long."

On the other hand, respondents cite the evidence of the other doctors to the effect that petitioner's current symptoms are not related to the industrial episode, but are referable to his preexisting condition.

 We have read the record and find that the medical evidence supports the findings that petitioner's physical condition due to the industrial episode was stationary as of February 12, 1971, and that his current symptoms are not related to the industrial episode but rather are referable to a preexisting degenerative condition.

Where the expert medical evidence is in conflict it is the prerogative of the trier of fact to resolve such conflict, Arnott v. Industrial Commission, 103 Ariz. 182, 438 P.2d 419 (1968). The appellate court does not weigh the evidence, but considers it in the light most favorable to sustaining the award. Malinski v. Industrial Commission, 103 Ariz. 213, 439 P.2d 485 (1968).

The award is reasonably supported by the evidence.

Affirmed.

OGG and STEVENS, JJ., concur.