512 P.2d 851

Pershing DAMRON, Petitioner,

v.

The INDUSTRIAL COMMISSION of Arizona, Respondent,

Arizona Gear & Manufacturing, Respondent Employer, Continental Casualty Company, Respondent Carrier.

No. 1 CA–IC 777.

Court of Appeals of Arizona, Division 1, Department B.

July 31, 1973.

Rehearing Denied Sept. 5, 1973.

Review Denied Oct. 16, 1973.

Gorey & Ely, by Joseph M. Bettini, Phoenix, for petitioner.

William C. Wahl, Jr., Chief Counsel, Phoenix, The Industrial Commission of Arizona.

Chandler, Tullar, Udall & Richmond, by William J. Augustine, Tucson, for respondents employer and carrier.

EUBANK, Presiding Judge.

We issued our writ of certiorari to review the findings and award of The Industrial Commission which rejected petitioner's allegation that he had suffered a permanent disability as a result of his industrial injury and that he was entitled to medical benefits subsequent to February 19, 1971.

The petitioner had been employed by the respondent employer for eleven years as a lathe machine operator on June 22, 1970, when he suffered an injury to his right shoulder in the course and scope of his employment. His treating physician, R. L. Goedecke, D. O., diagnosed the injury as

"acute bursitis, and tendonitis of the right shoulder". The treatment of this injury resulted in other medical complications which for the most part had been eliminated by the time of hearing in Tucson on July 21, 1971. On October 29, 1971, the hearing officer filed his Decision awarding the petitioner "temporary total and/or partial disability compensation benefits . . . from June 23, 1970 through February 19, 1971 . . . ." Upon review, this award was affirmed by The Industrial Commission on February 1, 1972, and further review is now sought in this Court.

The first question raised by the petitioner is the following:

"I. IS THE AWARD OF THE INDUSTRIAL COMMISSION OF ARIZONA REASONABLY SUPPORTED BY THE LAW AND THE EVIDENCE WHEREIN IT FINDS NO PERMANENT DISABILITY RELATED TO THE INDUSTRIAL INJURY?"

Our search of the record fails to reveal any medical testimony whatsoever relating to the degree of disability suffered by the petitioner. In Arnott v. Industrial Commission, 103 Ariz. 182, 438 P.2d 419 (1968) our Supreme Court, dealing with a "left shoulder" injury, held that such an injury was a scheduled injury under A.R.S. § 23-1044, subsec. B under paragraphs 13, 20, or 21, where partial loss of the use of an arm was involved; and that the award of one percent loss of use of the left (minor) arm was supported by the medical evidence when a doctor testified that the petitioner's decrease in function in the use of his arm was "minimal" and then testified to "less than 1%" impairment and the other doctor testified that it was "minimal" impairment.

■ In the case *sub judice* Dr. Goedecke was not asked to give an opinion regarding the petitioner's impairment; Dr. William Brown testified that he could not measure the impairment because "his [petitioner's] range of motion of his shoulder is normal"; and no other medical expert testified in support of impairment. In light of the law that the burden of proof of each element of the claim is upon the petitioner, Bedwell v. Industrial Commission, 104 Ariz. 443, 454 P.2d 985 (1969), that we must consider all evidence in a light most favorable to sustaining the findings and award of the Commission if reasonably supported by the evidence, Micucci v. Industrial Commission, 108 Ariz. 194, 494 P.2d 1324 (1972), and that we are bound by such medical expert testimony in cases of this type, Wheeler v. Industrial Commission, 94 Ariz. 199, 382 P.2d 675 (1963), it is clear that the Commission did not err in finding that the petitioner suffered no permanent disability.

The second and last question raised for review is as follows:

"II. IS THE AWARD OF THE INDUSTRIAL COMMISSION OF ARIZONA REASONABLY SUPPORTED BY THE EVIDENCE WHEREIN IT FINDS A TERMINATION OF MEDICAL BENEFITS AS OF FEBRUARY 19, 1971?"

■ Petitioner admits that he failed to support this allegation with evidence at the hearing, but that since such evidence was not presented there could not be a complete determination of this matter since A.R.S. § 23-1062, subsec. A requires the payment of medical costs as are "reasonably required". The record shows that there was such evidence presented at the hearing. Dr. Goedecke testified that petitioner's condition was stabilized or stationary on February 19, 1971, the date of the last treatment, and Dr. Brown was of that opinion in November 1970. The later finding was to the petitioner's benefit and will not be disturbed here.

Award is affirmed.

JACOBSON, C. J., Division 1, and HAIRE, J., concur.