533 P.2d 1159

**Charles D. HOBBS, Petitioner,**

v.

**The INDUSTRIAL COMMISSION of Arizona, Respondent,**

**City Products Corporation, Respondent Employer,**

**Royal Globe Insurance Company, Respondent Carrier.**

**No. 1 CA–IC 1195.**

Court of Appeals of Arizona, Division 1,

Department C.

April 17, 1975.

Rehearing Denied June 4, 1975.

Review Denied July 8, 1975.

Charles M. Brewer, Ltd. and James D. Lester by James D. Lester, Phoenix, for petitioner.

Edward F. Cummerford, Chief Counsel, The Industrial Commission of Ariz., Phoenix, for respondent.

Glen D. Webster, Jr., Phoenix, for respondent carrier.

OPINION

NELSON, Presiding Judge.

The sole question before this Court for review is whether the Industrial Commission properly computed petitioner's average monthly wage for purposes of determining the workmen's compensation benefits to which he was entitled.

Petitioner, a seasonal worker, earned $10,686 in one year as a migrant worker. Of that sum, petitioner expended and claimed an income tax deduction of $1,555 as travel expenses. The Industrial Commission, in computing petitioner's average monthly wage, subtracted the amount claimed as travel expenses from petitioner's gross annual earnings. Whether these travel expenses were to be considered part of petitioner's annual earnings, or whether they were properly excluded, we must here decide.

The basis for excluding the sum spent on travel expenses is not set forth in the findings or award of the Commission, nor do the respondents in their brief set forth law or argument to enlighten the Court on the question. Respondents appear to rely solely upon the general rule that the Commission has wide discretion to determine a

realistic pre-injury wage base, Floyd Hartshorn Plastering Co. v. Industrial Commission of Arizona, 16 Ariz.App. 498, 494 P.2d 398 (1972); Powell v. Industrial Commission of Arizona, 104 Ariz. 257, 451 P.2d 37 (1969); A.R.S. § 23–1041; and upon the rule that this Court must consider all evidence in the light most favorable to sustaining the findings of the Industrial Commission. Damron v. Industrial Commission of Arizona, 20 Ariz.App. 319, 512 P.2d 851 (1973); Pike v. Industrial Commission of Arizona, 20 Ariz.App. 76, 510 P.2d 387 (1973); Haynes v. Industrial Commission of Arizona, 19 Ariz.App. 559, 509 P.2d 631 (1973). On the other hand, petitioner has also failed to present an illuminating argument to support his position.

In Moorehead v. Industrial Commission of Arizona, 17 Ariz.App. 96, 495 P.2d 866 (1972), the claimant was paid, in addition to his fixed wages, travel allowances which were computed pursuant to a union "basing point" system and which reasonably reflected the actual expenses incurred by the claimant in work-related travel. The Court excluded the travel allowance in computation of the claimant's average monthly wage on the basis that such allowances did not represent any real economic gain to the claimant.

In Pettis v. Industrial Commission of Arizona, 91 Ariz. 298, 372 P.2d 72 (1962), the claimant was a timber cutter who was employed by an independent timber contractor. In addition to his wages the claimant also received a sum from the timber contractor for saw rental. On review of the Commission's determination of claimant's average monthly wage the Court held:

"The Commission properly deducted the saw rental in computing petitioner's average monthly wage since compensation is *based upon the wage* under the

contract of hire." 91 Ariz. at 303, 372 P.2d at 76. (Emphasis added.)

█ Unlike the claimants in *Moorehead,* supra, and *Pettis,* supra, the petitioner herein received no allowances or reimbursements. He was simply paid a wage, and that wage was comparable to the wage received by others doing the same or similar work. Accordingly, we hold that a claimant who incurs travel expenses by reason of his employment, but receives no reimbursement therefor from his employer, is entitled to have his average monthly wage computed on the basis of his earnings undiminished by the sum spent on travel expenses, irrespective of whether he claims or is entitled to a deduction for travel expenses on his federal income tax return.

Our holding is consistent with the result in *Moorehead,* supra, wherein this Court said:

"We think the principle to be derived from the foregoing is that 'wages' do not include amounts paid to the employee *to reimburse* him for employment-related expenditures of a nature which would not be incurred but for his employment. Such payments are simply *not intended* as compensation for services rendered." 17 Ariz.App. at 99, 495 P.2d at 869. (Emphasis added.)

█ Workmen's compensation premiums and all normal deductions calculated by an employer, whether required by law or assented to by an employee for other reasons, are computed with reference to the full amount of the employee's earnings. Where the full amount of the earnings is indisputably wages, there is no rational basis for regarding as a wage reduction additional personal deductions calculated by the employee himself. The fact that petitioner claimed a deduction for his travel expenses on his federal income tax return is imma-

**424**

terial. That federal law recognizes particular business expenses but not others to be deductible from one's income tax liability is a fact not relevant to a determination of average monthly wage under workmen's compensation laws. The independence of workmen's compensation statutes from the provisions of other unrelated laws was recognized in Cudahy Packing Co. v. Industrial Commission of Arizona, 7 Ariz.App. 335, 439 P.2d 307 (1968), wherein the Court stated:

"The fact that the claimant, under a different law, is entitled to disability benefits from the Social Security, has no effect on the amount of industrial compensation claimant is entitled to draw." 7 Ariz.App. at 337, 439 P.2d at 309.

The award of the Industrial Commission is set aside.

STEVENS and WREN, JJ., concur.